UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RUSTON RHORER

VERSUS

SARAH TIRRELL, Assistant District Attorney
for the 19th Judicial District, Parish
of East Baton Rouge, Louisiana

CIVIL ACTION

NO. 10-815-BAJ-SCR

**RULING AND ORDER**

Before the Court is an Application for Temporary Restraining Order (doc. 3) filed by plaintiff, Ruston Rhorer, in the above-captioned matter on December 8, 2010. Plaintiff filed a complaint (doc. 1) on December 6, 2010, alleging violations of the plaintiff's constitutional rights under the First and Fourth amendments by an assistant district attorney of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana ("state court"). Included among the attachments to plaintiff's complaint are a bill of information by the state district attorney charging plaintiff with cyberstalking in violation of Louisiana state law, and a "Motion to Dismiss for Deputy and Prosecutor Bad Faith" filed by plaintiff in state court. Plaintiff's state court motion alleges that he was arrested without probable cause, and that the state assistant district attorney named in the present suit or some other court official manipulated court records. In the present motion for temporary restraining order, plaintiff alleges that he has been ordered by the state court to "have a sanity hearing" but that he "has not been able to successfully schedule an

1

appointment with one of the doctors...[and] therefore, is at risk of being found in [c]onstructive [c]ontempt." Although the motion fails to specifically request any relief, it is construed as requesting this Court to issue a temporary restraining order enjoining the pending state court proceedings.

An injunctive order issued by a federal court which purports to enjoin the proceedings of a state court must comply with the restrictions of the Anti-Injunction Act, 28 U.S.C. § 2283, which provides:

> A court of the United States may not grant any injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of jurisdiction, or to protect or effectuate its judgments.

"Federal courts cannot enjoin state-court proceedings unless the intervention is authorized expressly by federal statute or falls under one of two other exceptions to the Anti-Injunction Act." *Rosales v. Quarterman*, 565 F.3d 308, 311(5th Cir. 2008), quoting *McFarland v. Scott*, 512 U.S. 849, 857, 114 S.Ct. 2568 (1994). Construing the Anti-Injunction Act, the Supreme Court has held that "[p]roceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court." *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287, 90 S.Ct. 1739 (1970). Further, the Supreme Court has held that "any doubts as to the propriety of a federal injunction should be resolved in favor of permitting the state courts to proceed in an orderly

2

fashion to finally determine the controversy. The explicit wording of § 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion." *Id.* at 297.

Considering the Anti-Injunction Act, along with the conclusory statements contained in plaintiff's motion and complaint, the Court finds no ground to issue an order enjoining the state court prosecution. Plaintiff has failed to demonstrate the applicability of any of the three exceptions outlined in § 2283 to the merits of the present case. Because federal courts are prohibited from enjoining state court proceedings absent the existence of one of these statutory exceptions, the Court lacks jurisdiction to grant injunctive relief in this matter.

Moreover, a party requesting the issuance of temporary restraining order is required to make a showing of the following elements: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that the granting of the preliminary injunction will not disserve the public interest. The party seeking such relief must satisfy a cumulative burden of proving each of the four elements before a temporary restraining order can be granted. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). The bare assertion in plaintiff's motion that he "will suffer immediate irreparable and substantial harm if the malicious prosecution against him does not cease" does not satisfy the burden of proof, and plaintiff makes no representations

3

whatsoever concerning the remaining three factors. Absent a showing of each of these required factors, a Court may not issue a temporary restraining order.

Accordingly, for reasons stated herein, plaintiff Ruston Rhorer's Application for Temporary Restraining Order (doc. 3) is hereby **DENIED**.

Baton Rouge, Louisiana, December 9, 2010.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA